IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HAMZA S. MOHAMED,

    Plaintiff,

v.

                                  CIVIL CASE NO.
                                  1:12-CV-01308-AT-LTW

SOUTHERN WALL PRODUCTS,
INC.,

    Defendant.

## SCHEDULING ORDER AND GUIDELINES FOR DISCOVERY AND SUMMARY JUDGMENT PRACTICE

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Magistrate Judge **ORDERS** that the time limits for adding parties, amending the pleadings, filing motions, and completing discovery (the discovery deadline in this case is **September 17, 2012**),[1] are as stated in the completed Joint Preliminary Report and Discovery Plan form, and this case, having been initiated by a Complaint filed on **April 17, 2012**, will be set for trial

---

[1] Defendant Southern Wall Products, Inc. ("Defendant") contends that no discovery is needed as the claims asserted by Plaintiff Hamza S. Mohamed ("Plaintiff") are the exact same claims Plaintiff originally asserted in another action and for which both parties already have had four months of discovery. Plaintiff, on the other hand, seeks the standard four-month discovery period because Plaintiff, who is now represented by counsel, was proceeding *pro se* in the previous action and therefore "did not competently, diligently, and completely perform discovery." (Joint Preliminary Report and Discovery Plan, Docket Entry [9], p. 8). Notwithstanding Defendant's position, this action will remain on the standard four-month discovery track.

after all dispositive motions have been ruled on.

## I. <u>GUIDELINES FOR DISCOVERY PRACTICE</u>[2]

These guidelines are furnished for the convenience of counsel, *pro se* litigants, and the Court to promote the just, speedy, and economical disposition of cases.

### A.   <u>General Matters</u>

Counsel and *pro se* litigants appearing in this Court in civil litigation must observe three sets of rules:

The Federal Rules of Civil Procedure
The District Court Local Rules and Instructions Regarding Pretrial Proceedings
The rules and practices of the Magistrate Judge assigned to your case

### B.   <u>Discovery Practice</u>

1.   **General Principles of Discovery**. Counsel and *pro se* litigants should be guided by courtesy, candor, and common sense, and should conform their conduct to the Federal Rules of Civil Procedure, the Local Rules, and applicable court orders in conducting discovery. In particular, counsel and *pro se* litigants should have in mind the restrictions on the scope of discovery stated in Rule 26(b) and the good faith obligations implicit in Rule 26(g). Direct and informal communication between counsel and between counsel and *pro se* litigants is encouraged to facilitate discovery and resolve disputes. In this regard, the Court refers counsel and parties to the guidance

---

[2]The information that follows in this Court's guidelines provides the rules and practices to which counsel and parties should adhere in conducting discovery. Additional questions regarding the rules and practice before this Court can be obtained by inquiring of the magistrate judge's courtroom deputy or law clerk as to how the magistrate judge wants things done.

offered by the district court for the Central District of California in <u>O'Connor v. Boeing North American, Inc.</u>, 185 F.R.D. 272 (C.D. Cal. 1999):

> The Court would like to take this opportunity to address the parties and their counsel, to stress that "[t]he discovery system depends absolutely on good faith and common sense from counsel. The courts, sorely pressed by demands to try cases promptly and to rule thoughtfully on potentially case dispositive motions, simply do not have the resources to police closely the operation of the discovery process. The whole system of [c]ivil adjudication would be ground to a virtual halt if the courts were forced to intervene in even a modest percentage of discovery transactions. That fact should impose on counsel an acute sense of responsibility about how they handle discovery matters. They should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests."

<u>Id.</u> at 284.

2.      **Timeliness**. The time limits specified in the rules and applicable court orders must observed. If additional time is required, a continuance must be sought in advance by order of the Court. (<u>See</u> ¶ 4 below).

3.      **Discovery Deadline**. The discovery deadline is the last date for filing discovery responses, unless otherwise specified by court order. To be timely, therefore, discovery requests must be served sufficiently in advance (usually thirty (30) days plus three-day mailing time) of the deadline for responses to be made by the discovery deadline date. <u>See</u> LR 26.2A, NDGa.

4.      **Extensions of Discovery Period**. Requests for extension of the discovery period or deadlines within the discovery period must be made in accordance with LR 26.2B, NDGa. All requests for extensions of time must state: (1) the original (and if applicable,

3

current) date from which the extension is being sought; (2) the number of previous requests for extensions, if any; (3) whether these previous requests were granted or denied; and (4) whether the adversary consents, and if not, the reasons given by the adversary for refusing to consent. NOTE: An agreed upon or consent motion to the extend the discovery period or deadlines therein should be clearly designated as a CONSENT motion, and a proposed consent order should be filed along with the consent motion.

5. **Designation of Expert Witnesses and Reports**. The Local Rules require disclosure of expert witnesses sufficiently early in the discovery period to allow for adequate time to depose the expert and, if desired, to name a rebuttal expert witness. See LR 26.2C, NDGa. In accordance with this requirement, not later than ninety (90) days before the close of the discovery period, the identity of and the report of any affirmative expert witness shall be served, together with all other disclosures required by Fed. R. Civ. P. 26(a)(2)(B). Not later than thirty (30) days before the close of the discovery period, the identity of and the report of any proposed rebuttal expert witness shall be served , together with all other disclosures required by Fed. R. Civ. P. 26(a)(2)(B). Each expert report shall conform with Rule 26(a)(2)(B).

6. **Supplementing Discovery Responses**. Rule 26(e) requires that initial disclosures and earlier discovery responses be supplemented if the disclosure or response was incorrect or is incomplete or to the extent the disclosure or response relates to potential expert or other witnesses. The Court strongly encourages counsel and *pro*

4

*se* litigants to ensure that, prior to close of discovery, all prospective witnesses are identified in the initial or supplemental disclosures. Failure to comply with the duty to supplement may result in exclusion of evidence or witnesses in consideration of dispositive motions and at trial.

7.   **Depositions**

a. Scheduling. Barring extraordinary circumstances, opposing counsel should be consulted and the convenience of counsel, witnesses, and the parties should be accommodated before a deposition is noticed. Concurrent depositions are not permitted in the absence of stipulation or court order.

b. Stipulations. When counsel or a party enter into stipulations at the beginning of a deposition, the terms of the stipulation should be fully stated on the record of the deposition.

c. Questioning. Questions should be brief, clear, and simple. The purpose of a deposition is not to harass or intimidate, but simply to make a clear and unambiguous record of what that witness's testimony would be at trial.

d. Documents. Normally, except in the case of impeachment, a witness should be shown a document before being questioned about it.

e. Objections. Under Rule 30(c), objections to the manner of taking the deposition, to the evidence, or to the conduct of a party shall be noted on the record but the evidence objected to shall be taken subject to the objection. In the absence of a good faith claim of privilege, instructions not to answer are rarely justified and may lead to

5

sanctions under Rule 37(a)(3)-(5). Speaking objections and other tactics for coaching a witness during the deposition may also be cause for sanctions. If counsel or a *pro se* litigant believes that a motion to terminate or limit the examination under Rule 30(d) would be warranted, counsel and/or the *pro se* litigant should promptly initiate a conference call to the Court with opposing counsel for a pre-motion conference to attempt to resolve the problem. (See ¶ 11 below).

f. Persons Attending Depositions. In the absence of a specific court order, there is no restriction on who may attend a deposition. Only one lawyer may normally conduct the particular deposition for each party.

g. Expert Disclosures. Rule 26(b)(4) should be consulted. However, experts who are prospective witnesses are normally produced for deposition by the opposing party as matter of course.

h. Number of Depositions. The parties are expected to observe the limitations specified in Rules 26(b) and 30, in particular, to avoid unnecessary depositions.

8. **Interrogatories**.

a. Informal Requests. Whenever possible, counsel should try to exchange information informally. The results of such exchanges, to the extent relevant, may then be made of record by requests for admission.

b. Number and Scope of Interrogatories. The parties are expected to observe the limitations stated in Rules 26(b) and 33. Counsel's or a *pro se* litigant's signature on the interrogatories constitutes a certification of compliance with those limitations.

Interrogatories should be brief, straight-forward, neutral, particularized and capable of being understood by jurors when read in conjunction with the answer. Ordinarily, they should be limited to requesting objective facts, such as, the identification of persons or documents, dates, places, transactions, and amounts. Argumentative interrogatories, attempts to cross-examine, and multiple, repetitive interrogatories are objectionable.

c. Responses. Rule 33(b) requires the responding party to produce whatever information is available (but only what is available), even if other information is lacking or an objection is made. When in doubt about the meaning of an interrogatory, give it a reasonable interpretation (which may be specified in the response) and answer it so as to provide rather than deny information. Generally, the responding party is required to produce information only in the form in which it is maintained. If an answer is made by reference to a document, attach it or identify it and make it available for inspection. (See ¶ 9 below). Generalized cross-references, such as to a deposition, are not an acceptable answer.

d. Objections. Unless the objection is based on privilege or burdensomeness, or a motion for protective order is made, the information requested must be supplied to the extent available, even if subject to objection. Counsel's or a *pro se* litigant's signature on the answer constitutes a certification of compliance with the requirements of Rule 26(g).

e. Privilege. A claim of privilege must be supported by a statement of particulars sufficient to enable the Court to assess its validity. In the case of a document, such a

7

statement should specify the privilege relied on and include the date, title, description, subject, and purpose of the document, the name and position of the author, and the addresses of other recipients.  In the case of a communication, the statement should specify the privilege relied on and include the date, place, subject, and purpose of the communication and the names and positions of all persons present.  <u>See</u> Fed. R. Civ. P. 26(b)(5).

9.     **Requests for Production or Inspection**.

a.  Informal Requests.  (<u>See</u> ¶ 8a above).

b. Number and Scope of Requests.  Although the Court has no standing limitation, it will be guided in each case by the limitations stated in Rules 26(b) and 34.  To the extent possible, requests should specify with particularity the title and description of documents or records requested.  (Information needed for specification can often be obtained by informal discovery or by deposition or interrogatories, if necessary.) Argumentative or catch-all requests, such as "all documents which support your claims," are objectionable.  The certification requirement of Rule 26(g) applies.

c.  Responses.  Materials should be produced either with labels identifying the specific requests to which they respond or in the manner in which they are kept in the ordinary course of business.  Opening a warehouse for inspection by the requesting party, burying the responsive documents in a mass of materials, and similar procedures do not meet the good faith requirements of the rules.  The certification procedure of Rule 26(g) is applicable.

d.  Objections.  (<u>See</u> ¶ 8d above).

e.  Privilege.  (<u>See</u> ¶ 8e above).

10.  **Requests for Admission**

a.  Use of Requests.  Requests for admission are an economical and efficient means of making a record of informal exchanges of information, stipulations, matters subject to judicial notice, and of narrowing issues.

b.  Form of Requests.  Each request should be brief, clear, simple, addressed to a single point and stated in neutral, non-argumentative words.  Requests ordinarily should deal with only objective facts.  They may be combined with interrogatories to ask for the factual basis of a claim or a denial.  Counsel's or a *pro se* litigant's signature certifies compliance with Rule 26(g).

c.  Responses.  Rule 36 requires that a response shall specifically deny a matter or set forth in detail the reasons why the party cannot admit or deny.  A denial shall fairly meet the substance of the request, and when good faith requires, a party shall specify so much as is true and qualify or deny the remainder.  The responding party has a duty to make reasonable inquiry before responding.  The certification requirement of Rule 26(g) applies.

d.  Objections and Privileges.  (<u>See</u> ¶¶ 8d and 8e above).

11.  **Motions to Compel or for Protective Orders**.

a.  Pre-Motion Conference.  Counsel or *pro se* litigants are required to confer, by telephone or in person, in good faith before bringing a discovery dispute to the Court.

See Fed. R. Civ. P. 26(c) and 37; LR 37.1A, NDGa.  The duty to confer is NOT satisfied by sending a written document, such as a letter, email, or fax, to the adversary, UNLESS repeated attempts to confer by telephone or in person are met without success due to the conduct of the adversary.  If counsel or *pro se* litigants are unable to informally resolve the discovery dispute, they should arrange a telephone conference with the Court through the Court's law clerk or courtroom deputy.[3]  If the differences cannot be resolved during the conference with the Court, the Court will direct further proceedings.  Motions to compel or for a protective order should ordinarily not be filed without a prior conference with the Court.

b. Memoranda.  In the event that memoranda are submitted, they should comply with LR 37.1, NDGa., and be brief, focus on the facts of the particular dispute, and avoid discussion of general discovery principles.  The Court cautions against the inclusion of (and will disregard) any generalized recitation of "historical" discovery disputes between the parties or any "finger pointing" or disparaging remarks directed at opposing counsel or the opposing party.

c. Sanctions.  If sanctions are sought, include a declaration and the appropriate documentation to support the amount requested.

d. Consent Protective/Confidentiality Orders.  In lieu of filing with the clerk, the

---

[3]Counsel and *pro se* litigants should be aware that there may be some delay in setting up the telephone conference due to the necessity of scheduling the presence of a court reporter.  Also, if the issue upon which the dispute rests is complex, the Court may request that prior to the conference the parties jointly submit a short (two (2) double-spaced pages or less) letter providing an overview of the contested issue(s).

10

original and a duplicate of such consent orders may be submitted to the Court in chambers.  NOTE:  The Court will not sign a protective or confidentiality order that permits the parties to automatically file pleadings or materials under seal with the clerk. Any sealed pleadings or materials must be accompanied by a specific court order providing for the sealed filing of that pleading or the materials.

12.   **Reference to Guidelines**

The Court will be guided by these guidelines in resolving discovery disputes and imposing sanctions.

## II. <u>GUIDELINES FOR SUMMARY JUDGMENT PRACTICE AND PRETRIAL ORDER</u>

A.    Any motions for summary judgment must be filed by **October 17, 2012**, and if no motions for summary judgment are filed, the Proposed Consolidated Pretrial Order will be due on **October 17, 2012**.

B.    Pursuant to Local Rule 56.1B, the party moving for summary judgment must attach to the motion a statement of material facts to which the movant contends there is no genuine issue to be tried.  Each fact must be numbered, and there should be only one sentence per number.  A citation to the record must follow each numbered fact.  Also, statements in the form of issues, questions, or legal conclusions (rather than material facts) will not be considered by the Court.

The non-moving party shall file a response to the moving party's "Statement of Undisputed Material Facts."  In the response, the non-moving party shall respond to

each numbered fact by number, admitting or denying the fact, and providing citations to the record to support any denial as well as an explaining the reason for the denial of the fact. The Court will deem as admitted those facts in the moving party's statement that the non-moving party does not controvert with citations to the record in its response to that statement. See L.R. 56.1(B)(2), NDGa.

C.    A sealed, original copy of any deposition that is referred to by either party in support of, or in opposition to, a motion for summary judgment shall be manually filed with the Court. Additionally, the parties are encouraged to electronically file a copy of the minuscript of any such deposition in conjunction with their summary judgment filing. The Court requests that complete depositions, rather than portions of depositions be filed with the Court, so that the context of the testimony can be considered.

D.    Absent **prior** written permission by the Court, no party may file a brief in support of a motion or a response to a motion exceeding (25) double-spaced pages in length, and no party may file a reply brief exceeding (15) double-spaced pages.   A motion requesting an increase in the page length for a brief must be filed along with a proposed order, prior to the due date for the brief.  The text of a brief, including footnotes, may not be printed in a format producing more than 10 characters per inch. L.R. 7.1(D), NDGa.

E.    Absent **prior** written permission by the Court, no party may file a sur-reply brief in support of a motion or a response to a motion.  A party seeking permission of the Court to file a sur-reply must file a motion for a sur-reply, a proposed order, and the

proposed sur-reply.

F.      Because "[i]t should be the party's responsibility to direct the Court's attention separately to each portion of the record which supports each of the party's distinct arguments," every factual statement made in the parties' briefs should be followed by a citation to the record.  <u>Dickson v. Amoco Performance Products, Inc.</u>, 845 F. Supp. 1565, 1570 (N.D. Ga. 1994).  These citations should include specific page or paragraph numbers, where appropriate. Citations should not be made to the parties' statement of material facts or response thereto.

G.      All documents and other record materials relied upon by a party moving for or opposing a motion for summary judgment shall be clearly identified for the court.  If exhibits and/or affidavits are manually filed in support of the motion or response, they should be clearly tabbed.

H.      If a motion for summary judgment is filed, the Consolidated Pretrial Order will be due thirty (30) days after the District Court's final ruling on the motion for summary judgment, if there are matters left to be tried.

**IT IS ORDERED** that the parties are directed to adhere to the above deadlines. Any motions requesting extensions of time must be made prior to the existing deadline and will be granted **only** in exceptional cases where the circumstances on which the request is based did not exist or counsel and the *pro se* litigants could not have anticipated that such circumstances would arise at the time the Joint Preliminary Report and Discovery Plan was filed.  Failure to comply with this order, may result in the

imposition of sanctions, including the dismissal of this action.

The Clerk is directed to submit this action by **October 24, 2012**, if the parties have not filed a Motion for Summary Judgment or Proposed Consolidated Pretrial Order.

So **ORDERED** this _18_ day of May, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE